Walter R. Hart, J.
Petitioner landlord moves for the review (Civ. Prac. Act, art. 78) of a ruling by respondent of an order of the Local Rent Administrator which denied in part and granted in part an application for an increase in rent under the ‘ ‘ hardship ’ ’ provisions of subdivision 5 of section 33 of the State Rent and Eviction Regulations. The review sought is of the determination disallowing certain charges and expenses. *347 A careful analysis of the return, including the accountant’s report, discloses that there is sufficient warrant in the record for the determination reached except for the following items:
1. Plumbing Expenses-.
It is undisputed that in 1956 petitioner landlord entered into a contract with the Key Plumbing Company to do all necessary plumbing repairs for the subject premises on a yearly basis for the flat sum of $200 a month. It was also agreed that any other expense for plumbing, when done by an outsider, was paid for by the landlord who then was reimbursed therefor by the Key Plumbing Corporation. In 1957 Key advised the landlord that to continue the contract it would require that the rate be increased to $300 a month. This demand was rejected and Jacob Breitman, the landlord’s principal stockholder, took over the plumbing work. For the greater part he did the plumbing work himself and charged the corporation $200 monthly, the same as the contract fee of Key Plumbing Company. Whatever plumbing work Breitman could not perform himself was done by an outside plumber for which he personally paid. There are 96 apartments in the building so that the charge for plumbing amounts to about $2 per month per apartment. At the protest the landlord submitted statements of 89 tenants, which were individually signed, “ acknowledging that all plumbing repairs had been done by the landlord for 1957 and 1958 and up to date. ” In addition to the 89 apartments, one is occupied by Breitman, one by his son and another by the superintendent so that there is an absence of corroboration of plumbing work as to only four of the apartments.
Respondent, in computing the plumbing expenses of the subject premises to arrive at the annual allowance for this item based on a four-year average, allowed petitioner to charge for the payments made to Key Plumbing for 1956 but disallowed the same charge made by Breitman for 1957 and 1958. The reason assigned for the disallowance is as follows: “ Landlord failed to furnish any information as to what kind of work was done, where it was done, nor any schedule of his basis of evaluation for the charge of labor allegedly performed by him.” This ruling, in the court’s opinion, is arbitrary and contrary to law. In view of the fact that practically all of the tenants, many of whom opposed the protest, conceded that all necessary plumbing-work was performed, the requirement that records be furnished as to the date and nature of the work is unreasonable. None of the tenants repudiated their signed statements nor did they claim that a fraud had been perpetrated in the procurement *348 thereof. In view of the agreement between Breitman and the petitioner to perform the work on a flat contract price of $200 monthly, it was not necessary to establish ‘ ‘ the basis of the evaluation for the charge of labor allegedly performed.” It is apparent from the circumstances here present that this was no subterfuge on the part of the landlord to foist an unwarranted expense to be charged to the maintenance of the premises but was an honest effort to prevent an increase in expense which the tenants would have to meet so as to yield petitioner a 6% return. It certainly appears anomalous for respondent to allow the charge for supplies and fixtures such as stoves and sinks and to disallow the cost' of labor, particularly since some of these items were installed upon his direction.
2. Fees for the Adjustment of Fire Losses:
These fees paid to an insurance broker (a son of the principal stockholder) were disallowed on the ground that they were “ not substantiated.” Petitioner claims that in substantiation of these charges there were submitted cancelled checks showing payment and affidavits by the broker and the managing agent detailing the losses and the adjustment fees paid. These appear to be sufficient substantiation and the items should have been allowed in the absence of contradicting proof or evidence that the payments were in excess of the usual fees for such service. The circumstance that the insurance broker is the son of a principal stockholder is not sufficient to warrant the disallowance of this item.
3. Refrigerators:
Respondent concedes that he failed to allow the cost of the amortization of two refrigerators and urges that since this amounts to but $30 a year, or the equivalent of only three cents an apartment per month, he should not perforce of the ‘ ‘ de minimis rule ” be required to reallocate the amount and issue new orders. However, in view of the fact that the matter is to be remitted to respondent for reconsideration with respect to the other items herein discussed this item should also be considered.
4. Accounting Services:
With respect to the disallowance for accounting services, which were denied in the first instance for lack of substantiation, petitioner claims there was submitted a cancelled check showing payment of $100 to a certified public accountant and periodic payments to his son for keeping of books and records including the posting of entries. No reason has been shown why the payment to the certified public accountant was disallowed. As *349 to the payments for accounting to the son, insofar as they were exclusively within the ambit of ‘‘ management ’ ’ for which an allowance of 5% of the rents has been allowed, the determination of the respondent was proper. The court is unable to determine whether this is the case. Upon the reconsideration of this matter, if it appears to respondent that a portion thereof is not related to managerial duties, but are in fact accounting charges, a proper allocation with respect to that portion should be made.
5. Legal Fees:
Some of the legal fees were disallowed in part since they had not been “ substantiated.” There is no denial that these payments were actually made but it is alleged that ‘1 no statement as to the work covered in consideration of these fees was given ” and that, therefore, it is not ascertainable as to whether they were ‘1 directly concerned with the operation of the building and of a type chargeable to such operation.” The landlord in support of the claim had merely submitted statements of its attorney which merely listed the amounts and the dates on which these amounts accrued. Inasmuch as the matter is to be remitted for reconsideration, this aspect is also remitted. In connection therewith, the Administrator has set forth in the Manual of Accounting Procedures and Practices a provision to the effect that the fees of the attorneys are limited to a maximum of 25% of the actual amount of the grant of a previous application in a hardship proceeding. There is no statutory grant of authority to the Administrator to make such limitation and such a regulation is contrary to section 474 of the Judiciary Law and, therefore, void.
Respondent also opposes the payment of fees on the ground that some of them were charged in the defense of an action brought by tenants to recover overcharges after a prior order for an increase based on hardship had been vacated for fraud. In a large measure the landlord was successful in resisting the action on the ground of the Statute of Limitations. It is the position of respondent that legal fees necessitated by landlord’s fraud should not be chargeable to the tenants as an expense of operating the building and is an“ unwarranted presumption upon the Administrator and the court. ’ ’ It cannot be gainsaid, however, that such a charge is directly concerned with the operation of the building and the corporate affairs. There is no warrant in the statute or in the regulations for the action of the Administrator. If tenants had been completely successful the deficit in the yield would have been that much greater and *350 they would at the present time be required to overcome that deficit. Upon the reconsideration the landlord should be afforded the opportunity to substantiate and particularize the legal fees incurred.
6. Painting Bills Paid to Tenants:
These were disallowed “ as not being substantiated.” Included among these is a check for $70, dated November 9,1956, payable to Reismar/Stecher, bearing the legend: “Painting 3% R, 3 X 20 + 10 = 70.00.” The court is unable to comprehend why this is not sufficient substantiation. There is also a check dated April 25,1955, payable to Arnold Gordon c/o State Rent Commission, in the sum of $60, bearing the legend: “ for Painting Apt. 6R April 16,1955.” It is asserted by respondent that this check was never cashed. Under the circumstances, unless a clear and reasonable explanation is afforded to respondent on the remission herein, the disallowance of this item was proper. As to the other items, the action of respondent was clearly warranted.
Accordingly, the matter is remitted to respondent for reconsideration and reallocation of the rents as herein indicated.
Settle order on notice.